UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA H. KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CV2089 RLW |
| | ) | |
| G4S SECURE SOLUTIONS USA INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike Plaintiff's Jury Demand (ECF No. 10) and Plaintiff's Motion to Deny Defendant's Motion to Strike Plaintiff's Jury Demand (ECF No. 13).[1] This matter is fully briefed and ready for disposition.

## DISCUSSION

Defendant G4S Secure Solutions (USA), Inc. ("G4S") claims Plaintiff Martha H, Knight ("Knight") executed an enforceable release of right to trial by jury as part of her application for employment. (ECF No. 11, ¶¶1,2). The application includes the following language that purports to waive the applicant's right to a jury demand:

> To assist in a prompt and effective resolution of any disputes or claims I might have against G4S or its employees, I AGREE TO WAIVE ANY RIGHT I MAY HAVE TO A JURY TRIAL AND AGREE THAT ANY LAWSUITS FILED BY ME OR ON MY BEHALF WILL BE HEARD AND DECIDED BY A JUDGE.

(ECF No. 11, ¶2).

---

[1] Fed.R.Civ.P. 12(f) states that the court may strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

1

This Court has addressed the requirements for a valid waiver of a right to trial by jury:

> A party may waive its Seventh Amendment right to a jury trial by contract. *Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir.1967). However, a party's waiver must be knowing and voluntary. *Morris v. McFarland Clinic, P.C.*, No. 4:03-cv-30439, 2004 U.S. Dist. LEXIS 26639 (S.D.Iowa Jan. 29, 2004). The determination of whether a waiver was knowing and voluntary is largely fact-driven. Courts have considered factors such as the inconspicuous fine print of the waiver, gross disparity in bargaining power between the parties, the sophistication of the parties, and whether the contract was standard or negotiated. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir.1988) (citing cases considering fine print and bargaining power, and upholding waiver based on the sophistication of the parties and the normal print size of the waiver); *Cooperative Finance Ass'n, Inc., v. Garst*, 871 F.Supp. 1168 (N.D.Iowa 1995) (citing cases considering the parties' ability to negotiate terms, the opportunity to review the terms, and whether parties were represented by counsel).

*Popular Leasing USA, Inc. v. Turner Const. Co.*, No. 4:05-CV-248 (CEJ), 2005 WL 2874741, at *1 (E.D. Mo. Oct. 31, 2005).

G4S claims "there is no gross disparity in bargaining power between Plaintiff and G4S." (ECF No. 11, ¶7). Knight, however, contends that she "had no bargaining power" and "has no business sophistication." (ECF No. 14 at 4).

The Court holds that whether a right to jury trial exists in this matter "must properly await further discovery and possible dispositive motion practice." *Dahhane v. Stanton*, No. CIV. 15-1229 MJD/JJK, 2015 WL 5009642, at *4 (D. Minn. Aug. 24, 2015). The Court believes that whether Knight's execution of the waiver of the right to jury was knowing and voluntary cannot be determined at this time and requires additional information. In light of a more fully developed fact record, the Court will be better able to determine if the parties were sufficiently on equal footing for Knight to validly waive her right to trial by jury.

Accordingly,

**IT IS HEREBY ORDERED** that on Defendant's Motion to Strike Plaintiff's Jury Demand (ECF No. 10) and Plaintiff's Motion to Deny Defendant's Motion to Strike Plaintiff's Jury Demand (ECF No. 13) are **DENIED**, without prejudice.

Dated this 6th day of September, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE